FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

16 SEP 26 AM 11:04

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

NOE ADAME,
          Plaintiff,

-vs-                                                Case No. A-15-CA-1043-SS

BRENT STROMAN, MANUEL CHAVEZ,
ABELINO "ABEL" REYNA, and JOHN DOE,
          Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants' Joint Motion to Stay Proceedings and Alternative Motion to Dismiss [#12]; Plaintiff's Response [#21] in opposition; and Defendants' Reply [#23] in support. Having considered the aforementioned documents, the case file as a whole, and the applicable law, the Court enters the following opinion and orders.

### Background

The facts of this case are detailed in this Court's Order Denying Defendants' Motion to Transfer Venue [#11]. *See* Order [#  ]. To summarize, Plaintiff Noe Adame (Plaintiff) brings a § 1983 action against Brent Stroman, the Waco Chief of Police, Manuel Chavez, a Waco law enforcement officer, Abelino "Abel" Reyna, the District Attorney of McLennan County, Texas, and John Doe, an unnamed employee of the Texas Department of Public Safety (DPS). *See* First Am. Compl. [#27] ¶¶ 1–6. The claims arise from a shooting between motorcycle club members and law enforcement that occurred at a Twin Peaks restaurant in Waco, Texas. *See id.* ¶¶ 9–11. Once the

gun fire ceased, Plaintiff and 176 others were arrested at the scene. Plaintiff alleges his arrest violated his Fourth and Fourteenth Amendment rights and Defendants conspired to deprive him of those rights.[1] *See id.* ¶¶ 85–112. Specifically, Plaintiff claims his arrest was based on a "template" affidavit, which lacked particularized facts to establish probable cause, contained false and materially misleading statements, and conflicted with evidence showing Plaintiff was not involved in the violence. *See id.* ¶¶ 40–44.

On November 10, 2015, a grand jury in McLennan County indicted Plaintiff and 105 others for the felony of Engaging in Organized Criminal Activity with the Intent to Commit or Conspire to Commit Murder, Capital Murder, or Aggravated Assault. *See id.* ¶ 52. Plaintiff's criminal charge is currently pending. *See* Pl.'s Resp. [#21] at 3. A trial date has not been set for Plaintiff or any of the others who were indicted. *See id.*

Defendants Stroman and Chavez (Defendants) filed their Joint Motion to Stay on April 7, 2016. Defendants seek a stay of this civil proceeding until Plaintiff's pending criminal case has concluded, arguing Plaintiff's § 1983 false arrest claims could impugn the validity of a conviction in the criminal case. *See* Mot. Stay [#12] ¶¶ 1.1–1.6; Defs.' Letter Br. [#30] at 1–2. Plaintiff responds that the number of indictments and the length of time required to resolve all of the criminal

---

[1] Six other individuals have brought identical lawsuits against Defendants in the Austin Division. *See* Civil Action No. 1:15-CV-01040-SS, *Bucy v. Stroman, et al;* Civil Action No. 1:15-CV-01041-SS, *Clendennen v. Stroman, et al;* Civil Action No. 1:15-CV-01042-SS, *Bergman v. Stroman, et al*; Civil Action No. 1:15-CV-01044-SS, *Salinas v. Stroman, et al*; Civil Action No. 1:15-CV-01045-SS, *Vensel v. Stroman, et al;* and Civil Action No. 1:16-CV-00575-SS, *Obledo v. Stroman, et al.* Three defendants who have not yet been indicted have also brought suit against Defendants in the Austin Division. *See* Civil Action No. 1:16-CV-00599-SS, *Terwilliger, et al. v. Stroman, et al.*; Civil Action No. 1:16-CV-00648-SS, *Rhoten, et al. v. Stroman, et al.*; and Civil Action No. 1:16-CV-00871-SS, *Eaton, et al. v. Stroman, et al.*

cases weigh in favor of continuing Plaintiff's civil case. *See* Resp. [#21] at 6–9. Defendants filed their reply on May 16, 2016. *See* Reply [#23]. The motion is now ripe for review.

## Analysis

### I.     Legal Standard

In *Heck v. Humphrey*, the Supreme Court established the following rule: a § 1983 plaintiff's request for damages is barred if the plaintiff's conviction has not been appealed, expunged, or otherwise declared invalid. 512 U.S. 477, 486–87 (1994). Under *Heck*, courts "must consider whether a judgment in favor of the [§ 1983] plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

The Supreme Court and the Fifth Circuit addressed whether the *Heck* rule applies to "*an anticipated future conviction*" in the context of a pending criminal trial. *See Wallace v. Kato*, 549 U.S. 384, 393 (2007); *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). Both courts agreed *Heck* did not bar a plaintiff's § 1983 claim if the plaintiff's conviction was not yet final, but found "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace,* 549 U.S. at 393–94; *Mackey*, 47 F.3d at 746 ("The court may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course . . . ."). A stay is warranted "if it is 'premature to determine whether or not [Plaintiff's] damages claims are barred under *Heck*,' or if it is clear that they would be barred under this standard . . . .'" *McCollom v. City of Kemp., Tex.*, No. 3:14-CV-1488-B, 2014 WL 6085289, at *3 (N.D. Tex. Nov. 14, 2014) (quoting *Mackey*, 47 F.3d at

746); *see also Busick v. City of Madison Miss.*, 90 F. App'x. 713, 713–14 (5th Cir. 2004) (where it is impossible to determine if plaintiff's civil § 1983 claims implicate the validity of a conviction that plaintiff might receive, the district court should stay the civil proceedings pending the resolution of plaintiff's criminal charges). Then, once "the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed . . . ." *Wallace*, 549 U.S. at 394.

When evaluating whether *Heck* might bar a plaintiff's claims, courts "conduct a fact-specific analysis to determine whether success on [the plaintiff's § 1983 claims] would require negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with a conviction on . . . the underlying criminal charge[]." *Quinn v. Guerrero*, No. 4:09CV166, 2010 WL 412901, at *2 (E.D. Tex. Jan. 28, 2010) (citing *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008)); *McCollom*, 2014 WL 6085289, at *3. Thus, "[i]f the factual basis for the conviction is not temporally and conceptually distinct" from a plaintiff's § 1983 claims, the claims may invalidate the criminal charge and be barred by *Heck. Quinn*, 2010 WL 412901, at *2.

## II. Application

The Court finds Plaintiff's alleged § 1983 claims and criminal charge are so closely interrelated that resolving the civil claims may impugn any conviction. The § 1983 claims arise from the same facts as Plaintiff's criminal charge: the violent incident at Twin Peaks and the arrests thereafter. *See* Resp. [#21] at 6 ("Plaintiff acknowledges that the criminal case arises from the incident that forms the basis of this suit."). The claims are not temporally distinct as they arise out of events which occurred within a narrow time frame. *See* First Am. Compl. [#27] ¶¶ 34–46 (Defendants used allegedly insufficient affidavit to obtain general arrest warrant one day after the

shooting took place). Most importantly, Plaintiff's civil claims challenge the legality of his arrest, which may directly implicate or invalidate any conviction in his criminal case. *See, e.g., Lopez v. Hous. Police Dep't*, No. H-13-1781, 2013 WL 3356229, at *2 (S.D. Tex. Jul. 3, 2013) (Plaintiff's § 1983 allegations that police illegally searched his home and arrested him "would, if true, necessarily implicate the validity of [his capital murder charges.]"); *Quinn*, 2010 WL 412901, at *3 (Plaintiff's § 1983 claims regarding the legality of his arrest and the search and seizure of his home may impugn any conviction related to his charges of possession of controlled substances and aggravated assault of a police officer.); *Terry v. City of Hous.*, No. H-15-2430, 2015 WL 6736780, at *2 (S.D. Tex. Nov. 3, 2015) (Plaintiff's § 1983 claims of unconstitutional arrest and imprisonment may implicate the validity of a conviction related to his evading arrest and possession of controlled substance charges); *McCollom*, 2014 WL 6085289, at *2 (Plaintiff's § 1983 claims involving the legality of his arrest might invalidate a conviction related to his criminal charge of resisting arrest.). Thus, the present civil case must be stayed pending the criminal proceeding.

Plaintiff does not mention *Heck* in his briefing and instead claims the Court may only stay this civil case pending resolution of the criminal proceeding under "special circumstances," which are determined by balancing six factors: "(1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the case, including whether the defendant has been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to the plaintiff caused by a delay; (4) the private interest of and burden on the defendant; (5) the interest of the court, and (6) the public interest." Resp. [#21] at 5 (quoting *First Fin. Grp. of Tex.*, 659 F.2d at 668). But the cases Plaintiff cites, and other cases applying the factor-balancing analysis, involve situations where parallel civil and criminal cases are brought against the same defendant. For example, in *First*

*Financial Group of Texas*, the Fifth Circuit applied the "special circumstances" inquiry and denied the request for a stay of the SEC's civil case against defendants pending the Justice Department's criminal proceedings against the same defendants. 659 F.2d at 666–67; *see also Meyers v. Pamerleau*, No. 5:15-CV-524-DAE, 2016 WL 393552, at *5–8 (W.D. Tex. Feb. 1, 2016) (applying factor-balancing analysis to determine whether stay of plaintiffs' § 1983 claims against defendant pending the state's criminal charge against defendant was appropriate); *Alcala v. Tex. Webb Cnty.*, 625 F. Supp. 2d 391, 395–407 (S.D. Tex. 2009) (same). In other words, courts apply the analysis where the defendant is attacked in simultaneous civil and criminal actions.

Here, however, the civil and criminal proceedings are not parallel. Plaintiff brings a civil claim against Defendants who have charged him criminally. Courts addressing this same fact pattern do not apply the "special circumstances" analysis as described in *First Financial Group of Texas*. Instead, courts look to *Heck* and grant stays if the plaintiff's civil claims may implicate the validity of any potential conviction. *See, e.g., Lopez*, 2013 WL 3356229, at *2; *Quinn*, 2010 WL 412901, at *3; *Terry*, 2015 WL 6736780, at *2; *McCollom*, 2014 WL 6085289, at *2; *Guillory v. Wheller*, 303 F. Supp. 2d 808, 811 (M.D. La. 2004).

While the Court is sympathetic to some of Plaintiff's arguments made under the factor-balancing analysis, these arguments do not outweigh the Court's concerns under *Heck*. Plaintiff argues that because his criminal case has not been set for trial, the civil case may be stayed for years. *See* Resp. [#21] at 6. This delay, according to Plaintiff, creates three main problems: (1) expiration of the statute of limitations with regard to the "John Doe" Defendant; (2) loss of and inaccessibility to evidence over time; and (3) inability to conduct discovery on Plaintiff's potential *Monell* claim. *See id.* at 6–9; Pl.'s Letter Br. [#31] at 1–5.

First, Plaintiff argues his claims against the "John Doe" Defendant will not preserve limitations. *See* Pl.'s Letter Br. [#31] at 4 (citing *Callaway v. City of Austin*, No. A-15-cv-00103-SS (W.D. Tex. July 14, 2015)). The Court agrees, but does not find this concern outweighs the potential burdens of trying a case that may be ultimately barred by *Heck*. Further, Plaintiff's counsel stated during the hearing held on June 3, 2016, "the discovery that's been produced in the criminal cases is so substantial that there couldn't be any more discovery hardly." *Bucy v. Stroman, et al.*, No. 15-CA-1040, Hr'g. Tr. [#34] 11:18–21. With access to such significant discovery, Plaintiff's counsel, at this point, should have had sufficient knowledge to determine who to sue. Second, the Court understands time expiring makes it harder to obtain evidence, especially in the form of witness testimony. Again, however, these concerns do not outweigh the considerations this Court made under *Heck*. *See Quinn*, 2010 WL 412901, at *4. Third, the possibility of a *Monell* claim does not convince the Court a stay is improper. A party is not entitled to discovery in order to ensure its claim will meet the pleading standard. *See* Pl.'s Letter Br. [#31] ¶ 4 ("Plaintiffs must be allowed to conduct discovery with respect to *Monell* liability issues . . . ."). Plaintiff does not point to a single authority where the possibility of a *Monell* claim justified continuing the civil action in this context. Finally, Plaintiff fails in his analysis to acknowledge the burden on the Court if this case were to continue. There is no point in the Court spending its time and resources on a claim which may someday be barred.

All of Plaintiff's concerns are overridden by the Court's consideration of *Heck*. Because resolution of Plaintiff's § 1983 claims may impugn a potential conviction, the civil case must be stayed pending the conclusion of the criminal proceeding against Plaintiff.

## Conclusion

Accordingly,

IT IS ORDERED that Defendants' Joint Motion to Stay Case [#12] is GRANTED.

IT IS FINALLY ORDERED that all remaining pending motions are DISMISSED AS MOOT.

SIGNED this the 23rd day of September 2016.

*/s/ Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE